DECISION AND JUDGMENT ENTRY
Jack Volgares was convicted in the Lawrence County Court of Common Pleas for murder and other offenses in connection with the 1997 death of his stepdaughter, Seleana Gamble. This court affirmed the appellant's convictions in all respects except for the trial court's imposition of consecutive prison terms for the various crimes. See State v. Volgares
(May 17, 1999), Lawrence App. No. 98CA06, unreported ("Volgares I"). On remand, the trial court again imposed consecutive sentences, which totaled thirty-eight years to life imprisonment. The appellant has commenced a second appeal, assigning two errors for our review:
"First Assignment of Error
 "Trial court erred in imposing maximum consecutive sentences without making specific factual findings on the record required under R.C. 2929.14 (E)(4) and R.C. 2929.19 (B)(2)(d)."
 "Second Assignment of Error
 "Trial court erred by imposing more severe sentence after remand in violation of the Due Process Clause of the Fourteenth Amendment to the federal Constitution."
We find neither assignment meritorious and accordingly affirm the trial court's judgment.
 I.
In 1997, seven-year-old Seleana died after the appellant threw her down the hallway of their home. The appellant buried Seleana in a garbage can in the backyard, lied to family members about her whereabouts, and eventually fled the state with his wife and three remaining children. Based on these events, a grand jury returned a thirteen-count indictment charging the appellant with various offenses. The appellant pleaded guilty to endangering children, tampering with evidence, and gross abuse of a corpse, and proceeded to trial on the remaining counts. A jury found him guilty of murder, three counts of kidnapping, and three counts of obstructing justice. The trial court sentenced the appellant to the following prison terms:
 1. fifteen years to life for murder (Count One of the indictment);
 2. ten years for kidnapping Vivian Gamble (Count Two);
 3. five years each for kidnapping Tesla and Jeremiah Volgares (Counts Three and Four);
4. five years for endangering children (Count Five);
 5. one year for each of the obstructing justice offenses (Counts Six, Eight, and Nine);
 6. five years for tampering with evidence (Count Eleven).
 7. one year for gross abuse of a corpse (Count Twelve).
In its judgment entry, the trial court further ordered "that all sentences of incarceration shall be served consecutively with the exception of Count[s] Three and Four, which shall be served concurrently with Count Two * * *, and Count Eight * * * which shall be served concurrently with Count Six * * *." The court then pronounced that "the total sentences imposed herein is [sic] 37 years to life * * *."
In Volgares I, this court vacated the appellant's sentences. We held that the trial court improperly imposed consecutive prison terms without complying with the statutory mandates of Ohio's felony sentencing law. See Volgares I, supra, at 24-29. Accordingly, we remanded the case for re- sentencing and advised the trial court that if it chose to impose consecutive sentences, to indicate "`by use of specific operative facts, that [it] considered the statutory factors in its determination.'" Id.
at 29, quoting State v. Kase (Sept. 25, 1998), Ashtabula App. No. 97-A-0083, unreported.
On remand, the trial court imposed prison terms identical to those in its prior judgment entry. The court again ordered consecutive sentences, "with the exception of Counts Three and Four which shall be served concurrently with Count Two * * * [and] Count Eight * * * [which] shall be served concurrently with Count Six." This time, however, the court's entry calculated the total sentence to be thirty-eight years to life in prison. The appellant then commenced this appeal.
 I.
In his first assignment of error, the appellant argues that the trial court erred in ordering consecutive sentences. Despite our pronouncement in Volgares I that the trial court should comply with the relevant sentencing statutes, the appellant contends that the court failed yet again to make the necessary statutory findings. We disagree.
In order to modify, reduce, or vacate a sentence imposed by a trial court, we must "clearly and convincingly" find that the sentence is either unsupported by the record or contrary to law. See R.C. 2953.08
(G)(1)(a) and (d). When imposing consecutive sentences, a trial court is bound by the requirements of R.C. 2929.14 (E)(4)[1], which states:
 "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
We have described the inquiry under R.C. 2929.14 (E)(4) as a "tripartite procedure." State v. Haugh (Jan. 24, 2000), Washington App. No. 99CA28, unreported. First, the sentencing court must find consecutive sentences "necessary to protect the public" or to "punish the offender"; second, the court must find that the consecutive sentences are "not disproportionate" to the seriousness of the offender's conduct and the "danger" he poses; and third, the court must find the existence of one of the enumerated circumstances in R.C. 2929.14
(E)(4)(a) through (c). Id. The verb "finds," as used in R.C. 2929.14
(E)(4), means that the court "must note that it engaged in the analysis" required by the statute. See State v. Edmonson (1999), 86 Ohio St.3d 324,326; State v. Brice (Mar. 29, 2000), Lawrence App. No. 99CA21, unreported.
The appellant argues that the trial court failed to comply with R.C.2929.14 (E)(4) either at the sentencing hearing or in its sentencing entry. The record, however, belies this contention because it shows that the court tracked the statutory language in making its findings concerning consecutive sentencing. The trial court's sentencing entry expressly states a finding that consecutive prison terms "are necessary to protect the public from future crimes and also to punish the offender. " The court further found that consecutive terms are not disproportionate to the seriousness of the defendant's conduct and the danger he poses to the public." Finally, the sentencing entry expresses a finding that "the harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses * * * adequately reflects the seriousness of the defendant's conduct," indicating that the court found R.C. 2929.14 (E)(4)(b) applicable. Furthermore, the transcript from the sentencing hearing reveals that the court used almost identical language in describing its reasons for imposing consecutive prison terms. Thus, the record shows that the court "engaged in the analysis" required by R.C. 2929.14 (E)(4) by applying the appropriate statutory factors. We therefore reject the appellant's claim that the trial court failed to satisfy R.C. 2929.14 (E)(4).
A court's compliance with R.C. 2929.14 (E)(4) does not automatically render consecutive sentences proper. The trial court must also satisfy R. C. 2929.19 (B)(2)(c), which sets the procedure that the trial court must follow at the sentencing hearing before selecting consecutive sentences. See State v. Brice, supra, at 6. R.C. 2929.19 (B)(2)(c) requires the sentencing court to "make a finding that gives its reasons for selecting the sentences imposed * * * if it imposes consecutive sentences under section 2929.14 of the Revised Code." (Emphasis added.) The requirement that a court give its reasons for selecting consecutive sentences is separate and distinct from the duty to make the findings required by R.C.2929.14 (E)(4). Brice at 6-7. Thus, after a sentencing court has made the required findings under R.C. 2929.14 (E)(4), it must then justify those findings by identifying specific reasons supporting the imposition of consecutive prison terms. Id. at 7; see, also, State v. Blair (Dec. 27, 1999), Scioto App. No. 98CA2588, unreported; State v. Hurst (Mar. 7, 2000), Franklin App. No. 98AP-1549, unreported; State v. Winland (Jan. 26, 2000), Wayne App. No. 99CA0029, unreported.
Our review of the record convinces us that the trial court satisfied its duty under R.C. 2929.19 (B)(2)(c). The court cited eight reasons why it thought consecutive prison terms were warranted under R.C. 2929.14
(E)(4):
 (1) The appellant was in a position of trust" as Seleana's stepfather and breached his duty to protect her.
 (2) Seleana's age and physical condition compared with the appellant's age and physical condition exacerbated the injuries that ultimately led to her death.
 (3) The appellant displayed no genuine remorse, sought no medical attention for Seleana, "and simply drank beer as the victim lay in a coma fighting for her life."
 (4) The appellant buried Seleana in a garbage can in the backyard, showing no respect for the corpse.
 (5) The appellant hid his criminal conduct by repeatedly lying to family members about Seleana's whereabouts.
 (6) The appellant fled the jurisdiction and headed for Mexico "with no regard to the well being of the remaining children."
 (7) The appellant removed the remaining children so authorities would not remove them from his custody.
 (8) The events in the case were "so outrageous and unusual that no single prison term for any of the offenses * * * could adequately reflect the seriousness of [the appellant's] conduct."
The court reiterated these reasons in the sentencing entry. By stating these detailed reasons, we feel that the court complied with the letter and spirit of R.C. 2929.14 (E)(4) and R.C. 2929.19 (B)(2). Moreover, the record contains ample support for the trial court's findings. On this record, we find no basis for second-guessing the trial court's judgment.
Notwithstanding the trial court's compliance with the relevant statutes, the appellant takes issue with the court's reasoning. The appellant argues that the reasons given by the trial court to justify consecutive sentences were inappropriate. For example, the appellant contends that the appellant's "position of trust" and Seleana's injuries being exacerbated by her age and physical condition "are listed under R.C. 2929.12 (B) and concern the determination of the seriousness of the conduct, not necessarily whether consecutive sentences are proper." Brief of Appellant at 10 (emphasis sic). This argument is meritless.
The appellant correctly notes that the trial court's stated reasons for imposing consecutive prison terms coincide with factors found elsewhere in the felony sentencing law. However, simply because the trial court's reasons were relevant to other sentencing criteria does not foreclose the trial court from using these same factors to justify consecutive sentencing. Indeed, it is often the case that reasons supporting consecutive sentences are also relevant to other sentencing determinations, such as the decision to impose more than a minimum term or the decision to imprison rather than impose community control sanctions. See State v. Simpson (Apr. 3, 2000), Clermont App. No. CA99-07-078, unreported, at fn. 3. In this case, the reasons cited by the trial court are unquestionably relevant to making the appropriate findings under R.C. 2929.14 (E)(4). Most of the court's reasons emphasize the seriousness of the appellant's conduct. The seriousness of his conduct was certainly relevant in determining whether consecutive sentences are disproportionate and whether consecutive sentences are necessary to punish the offender. See R.C. 2929.14 (E)(4). Moreover, the court's emphasis on the harm done to the victims and the "outrageous" circumstances presented by this case provides support for a finding under R.C. 2929.14 (E)(4)(b) that a single prison term would not adequately reflect the seriousness of the appellant's conduct.
The appellant further argues that the trial court's finding of "no genuine remorse" is undermined by the "absence" of any other factors suggesting a likelihood of recidivism. Because the court found no other "recidivism" factors other than a lack of genuine remorse for the crimes, the appellant insists that the decision to impose consecutive sentences is somehow unsupported by the record. We also reject this argument. The trial court did not rely on possible recidivism as a reason for imposing consecutive sentences. The court's findings emphasized the seriousness of the appellant's conduct rather than his likelihood of recidivism. Indeed, the court justified consecutive sentences under R.C. 2929.14
(E)(4)(b), which focuses on the seriousness of the offenses and the harm caused, rather than R.C. 2929.14 (E)(4)(c), which focuses on recidivism. Thus, whether the appellant is a likely recidivist is irrelevant to our review of the propriety of consecutive sentences in this case.
We find no error in the trial court's imposition of consecutive sentences. We therefore overrule the first assignment of error.
 III.
In his second assignment of error, the appellant argues that the trial court violated his due process rights upon remand by imposing a sentence greater than the one initially imposed. The appellant argues that the court impermissibly imposed a sentence of thirty-eight years to life imprisonment, whereas his original sentence called for thirty-seven years to life.
While a court may employ various criteria in assessing an appropriate sentence in a given case, it cannot punish a defendant for pursuing a successful appeal. Alabama v. Smith (1989), 490 U.S. 794, 798,109 S.Ct. 2201, 104 L.Ed.2d 865. "`Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial.'" Id., quoting North Carolina v. Pearce (1969), 395 U.S. 711,725, 89 S.Ct. 2072, 23 L.Ed.2d 656. There lies a presumption of vindictiveness" (and therefore a due process violation) when there exists a "reasonable likelihood * * * that the increase in sentence is the product of actual vindictiveness on the part of the sentencing authority." Id. at 799. When applicable, the state must rebut this presumption with "objective information" justifying the increased sentence. Id. See, also, Texas v. McCullough (1986), 475 U.S. 134, 142,106 S.Ct. 976, 89 L.Ed.2d 104. When there is no reasonable likelihood of vindictiveness, a defendant must prove actual vindictiveness in the re- sentencing process to establish a due process violation. Smith at 799.
The appellant accurately observes that the trial court initially sentenced him to thirty-seven years to life while, after remand, the court sentenced the appellant to thirty-eight years to life. Both sentencing entries, however, illustrate that the court imposed the identical prison terms for each offense. Both sentencing entries also ordered the sentences served consecutively subject to the identical exceptions: the kidnapping sentences for Counts Three and Four of the indictment would be served concurrently with the kidnapping sentence for Count Two and the obstructing justice sentences in Counts Six and Eight would be served concurrently. The only difference between the two sentences resulted from the trial court's calculation of the "total sentence." In its first sentencing entry, the trial court incorrectly added the terms to equal thirty-seven years to life imprisonment.[2]
On remand, the trial court calculated the correct figure to be thirty-eight years to life. We find no due process violation in the addition of an "extra year" to the appellant's minimum term.
The appellant is not entitled to a "presumption of vindictiveness" resulting from the trial court's imposition of a greater sentence after remand. The trial court's addition of an extra year to the appellant's minimum term resulted from its correction of a mathematical error it had made in calculating the original sentence. There is simply no indication in the record that the trial court was motivated by any improper sentencing motive that would implicate due process concerns.
Because the presumption does not apply and the appellant has made no showing of actual vindictiveness, the second assignment of error is overruled.
The judgment of the Lawrence County Court of Common Pleas is affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Court of Common Pleas to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. Evans J.: Concur in Judgment Opinion.
 ________________________ WILLIAM H. HARSHA, Judge
[1] This section was codified at R.C. 2929.14 (E)(3) at the time the appellant committed the crimes for which he was convicted. The legislature's re-enactment of the stature at R.C. 2929.14 (E)(4) created no substantive change. For ease of reference, we refer to R.C. 2929.14 (E)(4). See Volgares I, supra, at 24, fn. 7.
[2] In Volgares I, we did not acknowledge the trial court's apparent mathematical error in computing the "total sentence." Rather, we assumed that the court intended all three of the obstructing justice counts to be served concurrently (for an aggregate of one year). See Volgares I,supra, at 8. The trial court's subsequent re-computation of the total sentence indicates that our assumption was incorrect and clarifies the trial court's intent to run only two of the obstructing justice sentences concurrently.